# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 27, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHUCK RUTHERFORD,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0291**  (BOR Appeal No. 2047673)
(Claim No. 2009091479)

**SWVA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Chuck Rutherford, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. SWVA, Inc., by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 22, 2013, in which the Board affirmed an August 30, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 16, 2011, decision granting Mr. Rutherford a 4% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon erroneous conclusions of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Rutherford developed bilateral carpal tunnel syndrome and bilateral cubital tunnel syndrome during the course of his employment with SWVA, Inc. He has undergone three independent medical evaluations to determine the amount of permanent impairment resulting from these conditions. On August 2, 2011, Marsha Lee Bailey, M.D., evaluated Mr. Rutherford. She found that Mr. Rutherford sustained 0% whole person impairment as a result of cubital tunnel syndrome. After applying West Virginia Code of State Rules § 85-20 (2006) she

determined that he has 12% whole person impairment as a result of bilateral carpal tunnel syndrome, with 6% whole person impairment attributed to each hand. She then attributed 8% of Mr. Rutherford's whole person impairment to personal risk factors, including obesity and diabetes, and concluded that he sustained a total of 4% whole person impairment as a result of bilateral carpal tunnel syndrome arising from his occupation. On August 16, 2011, the claims administrator granted Mr. Rutherford a 4% permanent partial disability award in accordance with Dr. Bailey's recommendation.

On January 3, 2012, Bruce Guberman, M.D., evaluated Mr. Rutherford. He concluded that Mr. Rutherford did sustain permanent whole person impairment as a result of both bilateral cubital tunnel syndrome and bilateral carpal tunnel syndrome. However, his overall whole person impairment recommendations were calculated with the inclusion of multiple conditions that are not compensable components of the instant claim. On May 7, 2012, Jerry Scott, M.D., evaluated Mr. Rutherford. Like Dr. Bailey, after applying West Virginia Code of State Rules § 85-20 he also found that Mr. Rutherford has 12% whole person impairment as a result of bilateral carpal tunnel syndrome, with 6% whole person impairment attributed to each hand. Also like Dr. Bailey, he attributed 8% of Mr. Rutherford's whole person impairment to the personal risk factors of obesity and diabetes, and concluded that Mr. Rutherford sustained a total of 4% whole person impairment for bilateral carpal tunnel syndrome arising as a result of his occupation.

In its Order reversing the claims administrator's August 16, 2011, decision, the Office of Judges held that Mr. Rutherford is entitled to a 9% permanent partial disability award for bilateral carpal tunnel syndrome, with 4% impairment attributed to the right hand and 5% impairment attributed to the left hand. Mr. Rutherford disputes this finding and asserts that the evidence of record demonstrates that he is entitled to an increased award for bilateral carpal tunnel syndrome and further asserts, per the opinion of Dr. Guberman, that he is entitled to a permanent partial disability award for bilateral cubital tunnel syndrome.

In its Order, the Office of Judges determined that the evidence of record demonstrates that apportionment for non-occupational factors relating to the development of carpal tunnel syndrome should occur in the instant claim, and further determined that apportionment should occur before the application of West Virginia Code of State Rules § 85-20. The Office of Judges then determined that Drs. Bailey and Scott apportioned for non-occupational factors at the incorrect time, and noted that Dr. Guberman did not apportion. After determining that none of the physicians of record properly apportioned for non-occupational factors, the Office of Judges proceeded to engage in its own calculation of the amount of Mr. Rutherford's whole person impairment. The Office of Judges stated that it would not utilize Dr. Scott's findings in making its determination because his initial upper extremity impairment ratings differ from those of Drs. Bailey and Guberman. The Office of Judges then utilized portions of Dr. Bailey's findings to arrive at the conclusion that Mr. Rutherford has 9% whole person impairment as a result of bilateral carpal tunnel syndrome, with 4% impairment attributed to the right hand and 5% impairment attributed to the left hand. Finally, the Office of Judges determined that Mr. Rutherford sustained 0% whole person impairment as a result of cubital tunnel syndrome. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated February 22, 2013.

We find that the decisions of the Office of Judges and Board of Review are the result of erroneous conclusions of law. The Office of Judges' determination that apportionment for non-occupational risk factors should occur prior to the application of West Virginia Code of State Rules § 85-20 is contrary to numerous decisions issued by this Court, in which we have consistently held that apportionment should occur after the application of West Virginia Code of State Rules § 85-20. *See, e.g.*, *Jeffrey v. Pinnacle Mining Company,* No. 11-1426 (February 4, 2014) and *Blair v. Mason Mining,* No. 11-0537 (February 4, 2014). Additionally, the Office of Judges' and Board of Review's decisions are in violation of this Court's decision in *Repass v. Workers' Compensation Div.,* 212 W.Va. 86, 95, 569 S.E.2d 162, 171 (2002), in which we held that permanent partial disability awards are to be made solely on the basis of a physician's impairment evaluation. None of the physicians of record determined that Mr. Rutherford sustained 9% whole person impairment as a result of bilateral carpal tunnel syndrome; therefore, the 9% permanent partial disability award granted by the Office of Judges is not based on a physician's impairment recommendation.

We further find that the impairment recommendations of Drs. Bailey and Scott are virtually identical. A plain reading of their reports shows that both recommended a 4% permanent partial disability award for Mr. Rutherford's compensable bilateral carpal tunnel syndrome, and both found that 8% of Mr. Rutherford's whole person impairment arising from bilateral carpal tunnel syndrome is related to non-occupational factors. Additionally, both found that Mr. Rutherford sustained no permanent impairment as a result of bilateral cubital tunnel syndrome. In contrast, Dr. Guberman's whole person impairment recommendation included multiple non-compensable conditions, and therefore is not reliable for the purpose of determining the amount of Mr. Rutherford's whole person impairment arising from the compensable conditions in the instant claim. Therefore, Mr. Rutherford is entitled to a total permanent partial disability award of 4% in accordance with the reports of Drs. Bailey and Scott, and in accordance with the claims administrator's August 16, 2011, decision.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to reinstate the claims administrator's August 16, 2011, decision granting Mr. Rutherford a 4% permanent partial disability award.

Reversed and remanded.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II